UNITED STATES v. McALEER et al.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 526.

BOND—CONDITION—PROPOSAL TO SUPPLY GOVERNMENT.
   Where a bond is given, conditioned that one who has proposed to fur-
   nish the government three separate kinds of supplies shall not withdraw
   his proposal, and shall execute a contract if it is accepted, it is no breach
   of the condition that such person fails to execute a contract to furnish
   only one of such kinds of supplies, his proposal for which alone is ac-
   cepted.

In Error to the District Court of the United States for the District of South Dakota.

This was an action by the United States against James McAleer, John Manning, and Robert W. Cooper upon a bond. The district court sustained a demurrer to the complaint. Plaintiff brings error. Affirmed.

E. W. Miller, U. S. Atty., for the United States.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This writ of error was sued out by the United States to reverse a judgment which sustained a demurrer to a complaint upon a bond made by James McAleer, principal, and two sureties, the defendants in error. The complaint alleged: That the defendant in error McAleer proposed to furnish to the United States, at Ft. Meade, in Dakota territory, 750,000 pounds of corn, at $2.55 per 100 pounds; 1,500,000 pounds of oats at $2.60 per 100 pounds; and 1,800 tons of hay, at $10 a ton. That under the stat-utes of the United States and the rules and regulations of the war department, it was understood and agreed between the defendant McAleer and the United States that the latter had the right to ac-cept or reject the whole or any part of his proposal, and that his sureties upon this bond knew this fact. That thereupon the defend-ants made and delivered to the United States a bond in the sum of $15,024, which recited that McAleer had proposed and agreed to enter into the contract with the assistant quartermaster of the United States to furnish 750,000 pounds of corn, 1,500,000 pounds of oats, and 1,800 tons of hay, and contained this condition:

"Now, therefore, if the said James McAleer shall not withdraw his said pro-posal within sixty days from the date of opening the proposals, and shall,

within sixty days from the date on which he may be notified that his said proposal has been accepted and the said contract awarded to him (provided the said award be made within the sixty days above mentioned), duly and formally enter into such contract, agreeably to the terms of said proposal, and into such bond for its due performance as shall be required of him, or if his proposal shall not be accepted and such contract not be awarded to him, then this obligation shall be void; otherwise, that is to say, if either he shall withdraw his proposal within sixty days, or fail to enter within said sixty days into said contract if awarded him, and into such bond, to remain in full force, effect, and virtue."

—That the United States, in due time, notified McAleer that they would accept the 1,800 tons of hay, at $10 per ton, and he refused to enter into a contract to furnish it, and never has furnished it, to the damage of the United States in the sum of $2,831.20. The defendant interposed a general demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The chief contention of counsel for the government is that the obligors in this bond are liable for the alleged breach of its condition, because it is alleged in the complaint, and under the demurrer is admitted, that they knew and agreed that the government might reject the whole or any part of the proposal. But the difficulty with this case is that neither McAleer nor his sureties ever agreed that he would contract to furnish or that he would furnish anything if the government rejected the whole or any part of his proposal. It was only in case the government accepted the proposal as it was made that they agreed to be bound at all. Their contract was that, within 60 days after McAleer should be notified that his proposal was accepted, he would enter into a contract according to the terms of his proposal, but that, if his proposal should not be accepted, then their obligation should be void. The government might have required, and these defendants in error might have made, a bond conditioned that, if any part of McAleer's proposal was accepted, he should enter into a contract to fulfill and should fulfill that part. It is sufficient for the determination of this case that the defendants did not make such a bond, and it is not the province of the courts to make it for them. This complaint admits that the proposal of McAleer was never accepted. The fact that a third or some like portion of it was accepted, and two-thirds of it was rejected, constituted no acceptance of it. It was no more a breach of the conditions of this bond for McAleer to fail to enter into a contract to furnish the hay, after his bids for the corn and the oats were rejected, than it would have been to fail so to do after all his bids had been rejected. The acceptance of a part and the rejection of another part of a proposal is no more an acceptance of it than the rejection of the whole.

The judgment below is affirmed, without costs to either party in this court.